NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0785n.06
Filed: November 8, 2007

No. 07-1041

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JENNIFER MILLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| YAZAKI NORTH AMERICA, INC., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |

Before: MARTIN, GIBBONS and SUTTON, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant Jennifer Miller ("Miller") appeals the district court's Opinion and Judgment in favor of the appellee-defendant Yazaki North America, Inc. ("Yazaki"). Miller argues that the district court erred in finding that Yazaki did not breach any of its fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, ("ERISA") to her ex-husband, Lowell Thomas Miller, and in holding that the appellant did not prove, by a preponderance of the evidence, that any such alleged breach caused her ex-husband not to convert his life insurance plan naming Miller as the beneficiary. Because we find that the district court did not err in holding that Miller did not prove the causation element of her breach of fiduciary duty claim, we affirm the district court's Opinion and Judgment.

-1-

I.

Miller's ex-husband, Lowell Thomas Miller, began his employment with Yazaki on January 23, 1995. Yazaki's employees receive life insurance benefits provided by UNUM Life Insurance Company as part of a group life insurance plan. The life insurance policy provides that if an employee takes a leave of absence, the employee is covered for up to twenty days from the first day of the leave of absence. The policy also allows employees to extend life insurance coverage after the twenty-day period by paying to convert the policy from a group policy to an individual policy. Yazaki is both the plan administrator and named fiduciary of the life insurance policy.

On November 8, 2004, Lowell Thomas Miller, a member of the United States National Guard, submitted a Request for Leave of Absence in order to serve in Iraq. Miller requested that his leave begin on November 15, 2004 and end on March 1, 2006; his leave was granted. On August 31, 2005, while serving in Iraq, Lowell Thomas Miller died in combat. Prior to taking his leave of absence, Lowell Thomas Miller specified his ex-wife as the named beneficiary on his group life insurance policy. However, Miller did not convert his group life insurance policy to an individual policy as required during a leave of more than twenty days, and thus did not continue his life insurance coverage. Although UNUM initially paid Miller $170,000.00 under her ex-husband's life insurance policy, UNUM later informed Miller that her ex-husband did not in fact have any life insurance coverage at the time of his death. Miller subsequently appealed the denial of benefits; however, her appeal was denied because her ex-husband had not converted his life insurance policy to individual coverage. Miller then filed a claim for breach of fiduciary duty in district court, alleging that Yazaki (1) did not provide her ex-husband with a Summary Plan Description as required under ERISA; (2) misrepresented to her ex-husband the potential range of benefits available

under his life insurance policy; and (3) did not fulfill its fiduciary duty to inform her ex-husband of material facts relevant to his decision regarding whether to convert his life insurance policy.

Pursuant to Federal Rule of Civil Procedure 52, the district court conducted a bench trial and found in favor of Yazaki, primarily because Miller could not demonstrate that Yazaki's alleged breaches of fiduciary duty were the proximate cause of her damages. We review such a decision's legal conclusions *de novo*, while we review the district court's factual findings for clear error. *See, e.g.*, *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 355 F.3d 574, 589 (6th Cir. 2004). The district court was correct in its legal conclusion that Miller had to prove, by a preponderance of the evidence, that Yazaki's alleged breach was the proximate cause of her damages, *see, e.g.*, *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 465 (7th Cir. 2005); *Dupree v. Prudential Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 57857, at *120-21 (S.D. Fla. 2007) ("The Plaintiffs here bear the burden of proving each element of a breach of fiduciary duty."). Therefore, we review only the district court's factual determination – that Yazaki's acts or omissions were not the proximate cause of Miller's inability to collect under her ex-husband's life insurance policy – for clear error.

II.

The district court recounted the evidence presented by Miller to prove causation as follows:

> [In] support of her causation argument, Plaintiff testified about her conversations with Defendant involving his decision to keep her on the insurance policies. She offered e-mails evidencing these conversations. . . . In one e-mail, dated March 3, 2004, Miller stated, "I am not going to remove you from insurance or my life insurance, or anything." (Ex. 5A). In another e-mail, dated March 25, 2004, Miller stated, "I have enough life insurance through the military and various other organizations. I'm not changing the name on the policy so that isn't an issue." (Ex. 5B). In addition, the Plaintiff offered the e-mail of September 7, 2004, in which Plaintiff asked Miller, "Did you still want to keep me on your insurance policies as

beneficiary?" (Ex. 5C). To which Miller responded, "Yes. There is no point in changing it." (*Id.*). Finally, Plaintiff offered the e-mail of October 4, 2004, in which Miller stated, "If I go back on active duty, than [sic] you may have the full insurance if I don't change the paperwork." (Ex. 5D).

*Miller v. Yazaki N. Am., Inc.*, 2006 U.S. Dist. LEXIS 90022, at *14 (E.D. Mich. 2006).

However, these emails, explained the district court, could go only so far in serving as evidence of causation given subsequent events. On March 27, 2004, Miller and her ex-husband separated, later filing for divorce. That divorce became final on October 7, 2004. *Id*. at *15. Miller testified that her ex-husband remarried on April 21, 2005. *Id*. Thus, the district court noted that all the emails adduced by Miller were exchanged prior to her ex-husband's remarriage. *Id*. at *16.

The district court emphasized the importance of this fact, given that Miller's ex-husband removed her as the beneficiary of his military life insurance policy after his second marriage, naming instead his children as beneficiaries and his second wife as a contingent beneficiary. *Id*. Moreover, the district court explained that no evidence had been presented on what exactly the costs of maintaining the life insurance policy would have been, but it was clear that all such expenses would have been borne by Miller's ex-husband personally. *Id*. Furthermore, neither party had provided any evidence regarding whether the individual policy in question would have included an exclusion for death that occurred during military service. *Id*.

These facts undermine much of Miller's claim that but for the alleged breaches of fiduciary duty Miller's ex-husband would have both continued his life insurance coverage while on Military Leave of Absence and named Miller as the beneficiary. Thus, the district court rightly concluded that "it would be pure speculation to conclude that when Miller began his

-4-

military leave, and after his remarriage, he would have exercised his right to convert to an individual policy, at his own expense, and name his ex-wife as beneficiary." *Id*. at *16-17. As a result, the district court correctly concluded that Miller was unable to demonstrate that Yazaki was the proximate cause of her damages. For this reason, she did not prove all the elements of a breach of fiduciary duty claim and, consequently, we affirm the decision of the district court.[1]

---

[1] Because Miller cannot prove the causation element of her breach of fiduciary duty claim, we need not express any view as to whether Yazaki did or did not breach its fiduciary duties under ERISA.